No. 21,536.

JOHN HOFFER, *Appellee*, v. THE EMPORIA GAS COMPANY,
*Appellant.*

SYLLABUS BY THE COURT.

1. TREES—*Destroyed by Leaking Gas—Evidence.* The witnesses as to
value of the real estate and trees involved were shown to be competent
to testify, and no material error arose by reason of an incorrect date
used in estimating values.

2. SAME—*Verdict, Not Excessive.* In the light of all the evidence, it is
held that the verdict was not excessive or the result of passion and
prejudice.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge.
Opinion filed July 6, 1918. Affirmed.

*R. M. Hamer,* and *H. E. Ganse,* both of Emporia, for the
appellant.

*Owen S. Samuel,* and *Oscar B. Hartley,* both of Emporia, for
the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from a judgment against
it, the principal contention being that the verdict was excessive
and the result of passion and prejudice.

The plaintiff owned certain residence property in Emporia
and claimed that the twelve shade trees on the premises were
destroyed by the leaking of gas caused by the defendant's neg-
ligence in permitting its pipes to get out of repair. The peti-
tion alleged damages in the sum of $1,200. A former county
clerk and assessor testified that he was familiar with the prop-
erty and its fair market value in the fall of 1915, which was
$5,500; that its value "to-day" was between $4,000 and $4,500.
Another witness, who for thirty years had been a local real-
estate agent, testified that he knew the value of the trees, and
that in his judgment the three large ones in front were worth
to the property $100 apiece and those on the north and between
the houses from $40 to $50 apiece; another testified that the
property without trees would be worth from $1,000 to $1,200
less. The judgment was for $985 and costs. In answer to

questions 7 and 8 the jury responded that they were able to state from the evidence that unsanitary soil and poor drainage conditions and insects did not contribute to the death of the plaintiff's trees. There was testimony to the effect that these matters caused or contributed to the death of the trees, but the jury in answer to question 9 said that gas was the efficient controlling cause. The defendant does not appear to have offered any evidence as to the value of the trees.

The jury were the triers of fact and weighers of the evidence, which evidence supported their conclusion, which we cannot disturb.

Complaint is made that the value of the real estate in the fall of 1915 and at the time of the trial, instead of the time the trees died, was taken by certain witnesses as dates. Also, that certain witnesses did not show themselves competent to testify. The record shows that their competency was sufficiently established, and the mere difference in time between the date of the death of the trees and the date of trial was not enough to render any claimed error in this respect material.

As already indicated, the evidence was such that the verdict might have been for a larger sum, and hence it does not in this respect show passion or prejudice. There was some expert evidence as to the supposed effect of unsanitary soil and poor drainage conditions, but even counsel confess that some of it was "wabbly," and the jurors' regard for the rest, in view of the entire showing as to the plaintiff's trees, his shrubbery, and other trees inquired about, does not evince passion and prejudice, but a disposition to reach a reasonable conclusion.

The judgment is affirmed.